UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| A. JOSEPH TAWDUL, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 1:05-CV-248 TS |
| DEKALB SUPERIOR COURT, *et al.*, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

On July 22, 2005, A. Joseph Tawdul, a *pro se* plaintiff, filed an Application to Proceed Without Prepayment of Fees (*in forma pauperis*) and a 42 U.S.C. § 1983 Complaint. For the following reasons, the Plaintiff's request to proceed without prepayment of fees and costs is DENIED.

**DISCUSSION**

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts in spite of their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Before authorizing a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give

security therefor."28 U.S.C. § 1915(a). In this case, the Plaintiff reports that he is not currently incarcerated and is currently unemployed. He states that he receives $579/month in Supplemental Securing Income benefits. The Plaintiff states that in the last twelve months he has not received any income from such sources as a business, profession, or other self-employment; rent payments, interest, or dividends; disability or workers compensation payments; pensions, annuities, or life insurance payments; or gifts or inheritances. He reports that he has no bank account. The Plaintiff does not own any real estate, stocks, bonds, securities, or other valuable property other than a 1986 truck which does not run. Finally, he reports no dependents. In light of his reported financial situation, the Court is satisfied that the Plaintiff meets the statutory poverty requirements under 28 U.S.C. § 1915(a).

The analysis does not end here, however. In assessing whether the Plaintiff may proceed *in forma pauperis*, the Court must look to the sufficiency of a complaint to determine whether it can be construed as stating a claim for which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B). In this case, the Plaintiff alleges that the DeKalb Superior Court and Judge Kevin Wallace were prejudiced against him for admitting hearsay witnesses during his *pro se* trial which he believed was only a hearing on a charge for which he had arranged a plea agreement.

Presiding over trials and ruling on the admissibility of evidence are judicial acts. A state court judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 439, 359 (1978). Therefore, these claims must be dismissed.

Additionally, the relief the Plaintiff seeks is the dismissal of the state criminal case and the expungement of his criminal record. If the Plaintiff has not yet been convicted, then the abstention

doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53 (1971) bars this cause of action. *Younger* requires a federal district court to refrain from interfering with pending state criminal proceedings in deference to principles of equity, comity, and federalism.

> *Younger* holds that federal courts cannot enjoin ongoing state criminal proceedings unless extraordinary circumstances are present. . . . In *Barichello v. McDonald*, 98 F.3d 948 (7th Cir.1996), we said that *Younger* has "come to mean that absent unusual circumstances, a federal court must refrain from entertaining injunctive relief which might interfere with the officers or judicial process of state courts and administrative agencies when important state interests are involved." [Barichello] at 954.

*State of Indiana v. Haws*, 131 F.3d 1205, 1210 (7th Cir. 1997). Criminal prosecution is an important state interest and this complaint does not present extraordinary or unusual circumstances.

If the Plaintiff has already been convicted, then habeas corpus is the exclusive remedy for such claims. In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the United States Supreme Court considered the relationship between 42 U.S.C. § 1983 and 28 U.S.C. § 2254, and concluded that habeas corpus is the exclusive remedy for such claims. This is not a habeas corpus petition and the Seventh Circuit has admonished district courts not to convert civil rights complaints into habeas corpus petitions. *Copus v. Edgerton*, 96 F.3d 1038 (7th Cir. 1996).

## CONCLUSION

For the foregoing reasons, the Court DENIES the Plaintiff's request to proceed *in forma pauperis* [DE 2] and DISMISSES this complaint pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

SO ORDERED on August 1, 2005.

   S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT